Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7061 | **DATE** | 1/30/2001 |
| **CASE TITLE** | Commodity Futures Trading Commission vs. FTI Financial Group, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Consent Order of Permanent Injunction and other equitable relief against Anthony L. Holt. This Court shall retain jurisdiction of this cause to assure compliance with this Consent Order and for all other purposes related to this action. The amended complaint for injunction and other relief is hereby dismissed with prejudice and with respect to Holt only.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | FEB 0 2 2001 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 63 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 01 FEB -1 PM 3:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 97 C 7061 |
| | ) | |
| FTI FINANCIAL GROUP, et al., | ) | Judge: |
| | ) | Harry D. Leinenweber |
| Defendants. | ) | |

**ORIGINAL**

**DOCKETED FEB 0 2 2001**

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST ANTHONY L. HOLT

**I.**

1. On October 9, 1997, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against certain defendants seeking preliminary and other equitable relief for violations of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. §§ 1 et seq. (1994). On January 28, 1998, the Commission filed an Amended Complaint, naming four additional defendants, including Anthony L. Holt ("Holt").

2. To effect settlement of the matters alleged in the Amended Complaint against Holt without a trial on the merits, Holt and the Commission consent to the entry of this Consent Order of Permanent Injunction and other Equitable Relief Against Anthony L. Holt ("Consent Order"). Holt also: (1) acknowledges service of the Summons and Amended Complaint; (2) admits both personal and subject matter jurisdiction of this Court in this action; (3) admits that venue properly lies with this Court; and (4) generally waives the entry of findings of fact and conclusions of law in this action pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as provided in Part II below.



3. By consenting to the entry of this Consent Order, Holt neither admits nor denies the allegations of the Amended Complaint except as to jurisdiction and venue.

4. Holt agrees: (1) not to take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating, or tending to create, the impression that the Amended Complaint or this Consent Order is without factual basis; and (2) no agent or employee of Holt acting under Holt's authority or control shall take any action or make any statement denying, directly or indirectly, any allegation in the Amended Complaint or creating, or tending to create, the impression that the Amended Complaint is without factual basis and Holt shall take all steps necessary to insure that all of his agents and employees understand and comply with this agreement. Nothing in this provision affects Holt's: (1) testimonial obligations; or (2) right to take legal positions in other proceedings to which the Commission is not a party.

5. Holt waives: (1) all claims that he may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat. 862-63, and Part 148 of the Commission's Regulations, 17 C.F.R. §§ 148.1, et seq. (2000), relating to or arising from this action and any right under EAJA to seek costs, fees and other expenses relating to or arising from this proceeding; (2) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (3) all rights of appeal from this Consent Order.

6. The parties hereto also consent to the continued jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case.

2

7. Holt agrees to cooperate fully with the Commission in its prosecution of the Amended Complaint in this proceeding, in any ongoing investigations related to the subject matter of the Amended Complaint, and in all other proceedings arising from such investigations by, among other things: (1) responding promptly, completely, and truthfully to any inquiries or requests for information and otherwise cooperating fully with respect to discovery; (2) providing authentication of documents; (3) testifying completely and truthfully; and (4) not asserting privileges under the Fifth Amendment of the United States Constitution in connection with any testimony Holt is asked to provide.

8. Holt further affirms that he has read this Consent Order and agrees to entry of this Consent Order voluntarily, and that no promise or threat of any kind has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce him to consent to this Consent Order, other than as set forth specifically herein.

9. Holt agrees to pay a civil monetary penalty in the amount of up to $50,000 (Fifty Thousand Dollars) pursuant to a payment plan which is set forth in Section IV. In the event that Holt does not make payments as directed in Section IV, the Commission may petition the Court and at its option may seek an order directing payment of the unpaid Annual CMP payment(s) or immediate payment of the entire amount of the civil monetary penalty required by Section IV. The only issue Holt may raise in defense of such a petition is whether Holt has made the Annual CMP Payment(s) as directed by the Monitor. Any such petition brought by the Commission or order entered by the Court compelling payment of the Annual CMP Payment(s) due and owing pursuant to Section IV, or any portion thereof, or any acceptance by the Commission of partial payment of the Annual CMP Payments made by Holt, shall not be deemed a waiver of Holt's obligation to make further payments pursuant to the payment plan, or a waiver of the

3

Commission's right to seek or compel payments of the remaining balance of the civil monetary penalty assessed against Holt.

10. Holt acknowledges that, based upon the sworn representations contained in his Financial Disclosure Statements dated June 11, 1998, and October 3, 2000, and other evidence provided by him regarding his financial condition, the Court is not ordering immediate payment of a civil monetary penalty, other than as provided in the payment plan set forth in Section IV. Holt further acknowledges that the determination not to order immediate payment of a civil monetary penalty is conditioned upon the accuracy and completeness of the sworn Financial Disclosure Statements and other evidence provided by Holt regarding his financial condition. Holt consents that if at any time following the entry of this Consent Order, the Commission obtains information indicating that Holt's representations to the Commission concerning his financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made, the Commission may, at any time following the entry of this Consent Order, petition the Court to: (1) reopen this matter to consider whether Holt provided accurate and complete financial information at the time such representations were made; (2) enter an order requiring Holt immediately to pay the full amount of the civil monetary penalty required in Section IV; and (3) impose all available remedies, including, but not limited to, imposing sanctions for contempt of this Consent Order. No other issues shall be considered in connection with such a petition other than whether the financial information provided by Holt was fraudulent, misleading, inaccurate or incomplete in any material respect, and whether any additional remedies should be imposed. Holt may not, by way of defense to any such petition, contest the validity of his consent to this Consent Order, contest the allegations in the Amended Complaint filed by the Commission or assert that the payment of a civil penalty should not be

4

paid. If in such proceeding, the Commission petitions for and the Court orders payment of less than the full amount of the CMP, such petition shall not be deemed a waiver of Holt's obligation to pay the remaining balance of the CMP assessed against Holt pursuant to the payment plan.

11. The Court, being fully advised in the premises finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of a permanent injunction and ancillary equitable relief, pursuant to § 6c of the Commodity Exchange Act, as amended, 7 U.S.C. § 13a-1 (1994), as set forth herein.

## II.

## COURT'S FINDINGS

The Court hereby makes the following findings:

1. This Court has subject matter jurisdiction over this action and the allegations in the Amended Complaint pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

2. This Court has personal jurisdiction over Holt and Holt has acknowledged service of the Summons and Amended Complaint and consented to the Court's jurisdiction over him.

3. The Commission and Holt have agreed that this Court shall retain jurisdiction over each of them for the purpose of enforcing the terms of this Consent Order.

4. Plaintiff Commission is an independent federal regulatory agency charged with the responsibility of administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (1994), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1999).

5. Holt resides at 970 Childress Ferry Rd., Blountville, Tennessee 37617. He has never been registered with the Commission in any capacity.

5

## III.

## **ORDER FOR PERMANENT INJUNCTION**

NOW THEREFORE, IT IS ORDERED THAT:

1. Holt is permanently restrained, enjoined and prohibited from directly or indirectly:

   a. acting as a Commodity Pool Operator ("CPO") without being registered under the Act and using the mails or any means or instrumentality of interstate commerce in connection with conducting business as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

   b. engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any participant or prospective participant while acting as a CPO by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B); and

   c. making any false or misleading statement of a material fact in any report filed with the Commission, in violation of Section 6(c) of the Act, 7 U.S.C. § 9, or Commission Regulation 4.13, 17 C.F.R. § 4.13 (2000).

2. Holt is further permanently restrained, enjoined and prohibited from directly or indirectly:

   a. engaging in, controlling or directing the trading for any commodity interest transactions account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

   b. entering into any commodity futures or options transactions for his own account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and

   c. Holt shall never apply for registration or seek exemption from registration with the Commission in any capacity, and shall never engage in any activity requiring registration or exemption from registration, or acting as an agent or officer of any person registered, exempted from registration or required to be registered with the Commission. This includes, but is not limited to, soliciting, accepting or receiving any funds, revenue, or other property from any person, giving advice for compensation, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts.

3. The injunctive provisions of this Consent Order shall be binding upon Holt, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Holt, and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Holt.

## IV.

## ORDER FOR OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

1. <u>Civil Monetary Penalty</u> Holt shall pay a civil monetary penalty in the amount of up to $50,000 (Fifty Thousand Dollars).

2. <u>Payment of Civil Monetary Penalty</u>: Holt shall pay the civil monetary penalty as follows:

    a. Holt shall make an annual civil monetary penalty payment ("Annual CMP Payment") as directed by a monitor designated by the Commission (the "Monitor") on or before July 31 of each calendar year, starting in calendar year 2001 and continuing for ten years (or until the civil monetary penalty is paid in full, if that happens first).[1] Holt shall make each Annual CMP Payment by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, Division of Trading and Markets, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C., 20581, under cover of a letter that identifies Holt and the name and docket number of this proceeding. Holt shall simultaneously transmit a copy of the cover letter and the form of payment to the Monitor and to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.[2]

---

[1] Holt's ten year civil monetary penalty period shall run from January 1, 2001 through December 31, 2010. Annual payments for a calendar year shall take place by July 31 of the following year. Therefore, the final Annual Payment for the year 2010 will occur on or before July 31, 2011.

[2] Holt agrees that the National Futures Association is hereby designated as the Monitor for a period of ten years commencing from January 1, 2001. For ten years, based on the information contained in Holt's sworn financial statements, tax returns and the other financial statements and

7

b.  The amount of Holt's Annual CMP Payment shall consist of a portion of: (1) a percentage of the adjusted gross income (as defined by the Internal Revenue Code) earned or received by Holt during the pervious calendar year, plus (2) all other net cash receipts, net cash entitlements or net proceeds of non-cash assets received by Holt during the previous calendar year.

The Annual Payments shall be calculated as follows:

| Where Adjusted Gross Income Plus Net Cash Receipts Total: | Percent of total to be paid by Holt is: |
|---|---|
| Under $50,000 | 0% |
| $50,000 up to and including $100,000 | 30% of the amount above $50,000 |
| Above $100,000 | $15,000 (which represents 30% of the amount between $50,000 and $100,000) plus 40% of the amount above $100,000. |

c.  Holt shall cooperate fully and expeditiously with the Monitor and the Commission in carrying out all duties with respect to the civil monetary penalty. He shall cooperate fully with the Monitor and the Commission in explaining his financial income and earnings, status of assets, financial statements, asset transfers and tax returns, and shall provide any information concerning himself as may be required by the Commission and/or the Monitor. Furthermore, Holt shall provide such additional information and documents with respect thereto as may be requested by the Commission and/or the Monitor.

3.  <u>Failure to Pay and/or Default</u>: In the event that Holt does not make payments as directed above, the Commission may petition the Court and at its option may seek an order directing payment of the unpaid Annual CMP payment(s) or immediate payment of the entire

---

records provided to the Monitor annually by Holt, the Monitor shall calculate the total amount of the civil monetary penalty to be paid by Holt for the year. On or before June 30 of each year and starting in calendar year 2001, the Monitor shall also send written notice to Holt with instructions to pay by no later than July 31 of that year the amount of the civil monetary penalty pursuant to the payment instructions provided above.

8

amount of the civil monetary penalty required above. The only issue Holt may raise in defense of such a petition is whether Holt has made the Annual CMP Payment(s) as directed by the Monitor. Any such petition brought by the Commission or order entered by the Court compelling payment of the Annual CMP Payment(s) due and owing pursuant to the above paragraph, or any portion thereof, or any acceptance by the Commission of partial payment of the Annual CMP Payments made by Holt, shall not be deemed a waiver of Holt's obligation to make further payments pursuant to the payment plan, or a waiver of the Commission's right to seek or compel payments of the remaining balance of the civil monetary penalty assessed against Holt.

Any failure by Holt to carry out any of the terms, conditions or obligations under any paragraph of this Consent Order shall constitute an Event of Default under this Consent Order. If any Event of Default occurs and, if capable of being cured, is not cured within ten (10) calendar days following the Commission's (or its designee) mailing of notice of such Event of Default to Holt, the Commission (or its designee) shall be entitled to:

    a.     petition the Court to consider all available remedies including, but not limited to, imposing sanctions for contempt of this Consent Order;

    b.     enforce and take all legal steps necessary to satisfy the Permanent Injunction and otherwise declare the terms and conditions, or any part thereof, contained in this Consent Order null, void and without legal force;

    c.     pursue Holt for any and all additional claims and causes of action of any nature, in law or in equity, that the Commission has, may have or may have had against Holt; and/or

    d.     use any statement heretofore or hereafter made by Holt as evidence against him.

Holt expressly agrees and this Court orders that upon the occurrence of an Event of Default, Holt will be barred: (1) from asserting any defense, including expiration of any statute

of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of Holt's agreement to this Consent Order or while this Consent Order remains in effect; and/or (2) from objecting to, defending against or otherwise disputing the non-dischargeability of his obligations, including his obligations under this Consent Order.

4. <u>Transfer of Assets</u>: Holt shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any members of his family or any other person for the purpose of concealing such funds from the Court or the Commission, until the earlier of the following: a) the date of Holt's death or b) the date the civil monetary penalty set forth in Section IV has been paid.

5. <u>Reliance on Financial Disclosure</u>: Holt acknowledges that, based upon the sworn representations contained in his Financial Disclosure Statements dated June 11, 1998, and October 3, 2000, and other evidence provided by him regarding his financial condition, the Court is not ordering immediate payment of a civil monetary penalty, other than as provided in the payment plan set forth in Section IV. Holt further acknowledges that the determination not to order immediate payment of a civil monetary penalty is conditioned upon the accuracy and completeness of the sworn Financial Disclosure Statements and other evidence provided by Holt regarding his financial condition. Holt consents that if at any time following the entry of this Consent Order, the Commission obtains information indicating that Holt's representations to the Commission concerning his financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made, the Commission may, at any time following the entry of this Consent Order, petition the Court to: (1) reopen this matter to consider whether Holt provided accurate and complete financial information at the time

10

such representations were made; (2) enter an order requiring Holt immediately to pay the full amount of the civil monetary penalty required in Section IV; and (3) impose all available remedies, including, but not limited to, imposing sanctions for contempt of this Consent Order. No other issues shall be considered in connection with such a petition other than whether the financial information provided by Holt was fraudulent, misleading, inaccurate or incomplete in any material respect, and whether any additional remedies should be imposed. Holt may not, by way of defense to any such petition, contest the validity of his consent to this Consent Order, contest the allegations in the Amended Complaint filed by the Commission or assert that the payment of a civil penalty should not be paid. If in such proceeding, the Commission petitions for and the Court orders payment of less than the full amount of the CMP, such petition shall not be deemed a waiver of Holt's obligation to pay the remaining balance of the CMP assessed against Holt pursuant to the payment plan.

## MISCELLANEOUS PROVISIONS

1. Notices: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

> Regional Counsel
> Division of Enforcement – Central Region
> Commodity Futures Trading Commission
> 300 South Riverside Plaza, Suite 1600N
> Chicago, Illinois 60606

Notice to Monitor:

> Executive Vice President, Compliance
> National Futures Association
> 200 West Madison Street
> Chicago, Illinois 60606

11

Notice to Defendant:

Anthony Holt
970 Childress Ferry Road
Blountville, Tennessee 37617

In the event that Holt changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of the new number(s) and/or address(es) to the Monitor and to the Commission within ten (10) calendar days thereof.

2. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

3. Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

4. Successors and Assigns: This Consent Order shall inure to the benefit of and be binding upon the successors, assigns, heirs, beneficiaries, designees and administrators of the parties hereto.

5. Acknowledgements: Upon being served with copies of this Consent Order after entry by the Court, Holt shall sign acknowledgments of such service and serve such acknowledgments on the Court and the Commission within seven (7) calendar days.

Upon being served with copies of this Consent Order after entry by the Court, the Commission shall serve a copy of the Consent Order upon the Monitor within seven (7) calendar days.

6. <u>Invalidation</u>: If any provision of this Consent Order, or the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

7. <u>Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this cause to assure compliance with this Consent Order and for all other purposes related to this action.

8. <u>Dismissal</u>: Upon entry of this Consent Order, the Amended Complaint for Injunction and Other Relief is hereby dismissed with prejudice with respect to Holt only.

DONE AND ORDERED, ADJUDGED AND DECREED this 30th day of January, 2001.

_____
The Honorable Harry D. Leinenweber
United States District Judge

*SIGNATURE PAGE FOLLOWS*

13

CONSENTED TO AND APPROVED BY PLAINTIFF:
COMMODITY FUTURES
TRADING COMMISSION by:

_____          _____
Ava M. Gould                       Scott R. Williamson
Trial Attorney                     Deputy Regional Counsel

DATED: Jan. 11, 2001

COMMODITY FUTURES TRADING COMMISSION
300 S. Riverside Plaza, Suite 1600N
Chicago, Illinois 60606-6615
(312) 886-3090


CONSENTED TO AND APPROVED BY DEFENDANT:


_____
Anthony L. Holt
970 Childress Ferry Road
Blountville, Tennessee 37617
(423) 323-1584

DATED: 10-17-00

14